J-S56028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JORGE SALCEDO | |
| Appellant | No. 576 MDA 2014 |

Appeal from the PCRA Order of March 13, 2014
In the Court of Common Pleas of Lackawanna County
Criminal Division at No.: CP-35-CR-0000699-2012

BEFORE: PANELLA, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED FEBRUARY 10, 2015**

Jorge Salcedo appeals the PCRA court's March 13, 2014 order dismissing his petition for collateral relief, which the PCRA court treated as a petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. We affirm.

The PCRA court has provided the following history and analysis of the instant matter:

> On October 26, 2012, [Salcedo pleaded] *nolo contendere* to one count of possession of a small amount of marijuana. He was sentenced that same date to 15 to 30 days[' incarceration] and ordered [to be] released because he had already served the sentence. He was represented by Patrick Rogan, Esq.
>
> On October 10, 2013, [Salcedo] filed a [PCRA petition] alleging that Mr. Rogan was ineffective for failing to advise him properly

---

[*]     Retired Senior Judge assigned to the Superior Court.

of the consequences of his plea on his immigration status. Kurt Lynott, Esq. was appointed to represent [Salcedo]. On February 19, 2014, Mr. Lynott filed a Motion to Withdraw as Counsel and [a] *Turner-Finley letter*.[1] On March 13, 2014, this motion was granted and [the PCRA] court issued a Memorandum and Order dismissing the PCRA petition.[2]

_____

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (collectively outlining the procedure by which appointed counsel may seek to withdraw when he finds no meritorious grounds for relief to pursue under the PCRA).

[2] Neither the docket nor the certified record reflects that appointed counsel properly filed his *Turner*/*Finley* letter and petition to withdraw as counsel. Moreover, neither the PCRA court's procedural account nor the docket or certified record indicates that the court filed and served upon Salcedo a notice of intent to dismiss the petition without a hearing, as is required by Pa.R.Crim.P. 907(1). Although these omissions are troubling, this Court has held that the absence of a Rule 907(1) notice is a matter that the appellant must raise before this Court on peril of waiver. *See Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) (citing *Commonwealth v. Boyd*, 923 A.2d 513, 514 n.1 (Pa. Super. 2007)). Furthermore, while we cannot confirm that counsel ever served Salcedo with his *Turner*/*Finley* letter, petition to withdraw, and letter explaining to Salcedo his rights to proceed *pro se* or with retained counsel and to file a rebuttal to the PCRA court's notice of intent to dismiss, the PCRA court referred to those items in its opinion pursuant to Pa.R.A.P. 1925(a) and Salcedo has made no protest to this Court. Furthermore, in light of our disposition of this case, it appears that the PCRA court lacked jurisdiction over this petition for reasons that are not subject to material dispute. Under such circumstances, remanding this case so that the PCRA court may perfect the certified record would merely protract proceedings that are destined for the same result. Moreover, it is an appellant's burden to confirm that the certified record contains all materials necessary to adjudicate his appeal. *See Commonwealth v. Spotti*, 94 A.3d 367, 381 (Pa. Super. 2014) ("The Rules of Appellate Procedure place the burden on the appellant to ensure that the record contains what is necessary to effectuate appellate review . . . ."). Thus, despite our reservations, we will not order relief *sua sponte* for these oversights.

On March 27, 2014, [Salcedo] filed a Notice of Appeal, and on April 3, 2014, [the PCRA] court ordered him to file a concise statement of [errors] complained of on appeal. [*See* Pa.R.A.P. 1925(b).] On April 24, 2014, [Salcedo] filed a [Rule 1925(b)] statement. In his concise statement, [Salcedo] alleges that [the PCRA] court erred in finding that he was not eligible for PCRA relief because his sentence had been served in this case since he is still incarcerated as a direct result of his conviction in this case. However, [Salcedo] has finished serving the sentence for the crime committed in this case, so he is not eligible for PCRA relief in this case. *See* PCRA Court Memorandum and Order, 3/13/2014. He is currently being detained by the Department of Homeland Security ["DHS"] for deportation proceedings. He also alleges that the [PCRA] court should have treated his petition as a writ of *coram nobis*, but the common law writ of *coram nobis* does not survive as an alternative remedy outside the PCRA. 42 Pa.C.S. § 9542; ***Commonwealth v. Fiore***, 665 A.2d 1185 (Pa. Super. 1995).

PCRA Court Opinion, 5/22/2014, at 1-2 (citations modified).

Before this Court, Salcedo raises the following issues:

I.  Whether the PCRA court erred in claiming that Salcedo is ineligible to file a PCRA petition.

II.  Whether the PCRA court erred in not treating Salcedo's PCRA petition as a petition for writ of *coram nobis*, because the court violated Salcedo's due process rights and his attorney has shown **ineffectiveness of counsel** by incorrectly advising Salcedo of the immigration consequence of the plea, misrepresenting the immigration laws, and by misrepresenting himself as having knowledge, understanding, and experience in the immigration laws.

III.  Whether the PCRA court erred in not allowing Salcedo an opportunity to challenge his conviction and show how his due process rights were violated during his proceedings and how it was conducted, because immediately after Salcedo pleaded *nolo contendere* on October 26, 2014 . . . he was ineligible for PCRA relief because he was incarcerated for 226 days without being brought to trial . . ., therefore immediately his sentence was expired.

- 3 -

Salcedo did not know that he needed to challenge and vacate his conviction until months after he was detained by United States Immigration and Customs Enforcement ("ICE"). Salcedo was informed by an immigration attorney and had done some research and found out that **his trial attorney was ineffective, incompetent and had misadvised Salcedo and incorrectly informed Salcedo of the immigration consequences of his plea** and Salcedo has no other remedy to challenge and vacate his conviction in order for Salcedo to be eligible for a sort of relief from deportation and not to be separated from his wife and 2 children that they have together and are United States citizens.

Brief for Salcedo at 2-3 (emphasis added; revised for clarity). The important common element of these issues is that they hinge upon whether plea counsel rendered constitutionally ineffective assistance of counsel.

Generally, we have held that relief for such questions must be sought under the PCRA:

Appellant's claim for [IAC] in connection with advice rendered regarding whether to plead guilty is cognizable under the PCRA pursuant to 42 Pa.C.S. § 9543(a)(2)(ii). *See Commonwealth v. Lynch*, 820 A.2d 728, 731-32 (Pa. Super. 2003) ("If the [IAC] caused the defendant to enter an involuntary or unknowing plea, the PCRA will afford the defendant relief."); *Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006). Our standard of review of a [PCRA] court order granting or denying relief under the PCRA calls upon us to determine "whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012).

*Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (footnote omitted; citations modified).

- 4 -

This Court's recent *en banc* decision in **Commonwealth v. Descardes**, 101 A.3d 105 (Pa. Super. 2014) (*en banc*), however, complicated that principle relative to circumstances where the entry of a plea may adversely affect one's immigration status or lead to deportation. In **Descardes**, the appellant, Claude Descardes, sought *coram nobis* relief in the trial court for IAC, arguing that counsel had failed to inform him of the immigration consequences of his plea in violation of the United States Supreme Court's decision in **Padilla v. Kentucky**, 559 U.S. 356 (2010). The trial court treated Descardes' petition as one filed pursuant to the PCRA, and denied relief on the basis that the petition was untimely. **Descardes**, 101 A.3d at 107.

On appeal, this Court observed that Descardes no longer was in custody, and thus could not seek relief under the PCRA. **Id.** However, because **Padilla** was decided after Descardes' sentence expired, Descardes' claim lay in a narrow band of collateral claims not cognizable under the PCRA:

> Because Descardes' specific [IAC] claim was not recognized until well after the time he had to file a timely PCRA petition, *coram nobis* review should be available to him. Descardes is no longer in custody, thus the PCRA provides no relief, but he continues to suffer the serious consequences of his deportation . . . ."

**Id.** at 109. Consequently, Descardes' avenue for relief necessarily lay outside the confines of the PCRA, and therefore was not subject to the PCRA's jurisdictional limitations. **Id.**; **see Commonwealth v. Judge**, 916

- 5 -

A.2d 511, 521 (Pa. 2007) ("[S]ince the PCRA does not provide a remedy for Appellant's claims regarding the Committee's determination that his deportation from Canada violated [an international compact], they may be raised in a petition for writ of *habeas corpus*.").

Under the circumstances before us, we need not determine whether ***Descardes*** compels similar treatment in this case. As noted, *supra*, Salcedo's claims, at root, are predicated on his assertion that plea counsel rendered IAC. Generally, such claims, by whatever procedural mechanism raised, are subject to the following standard:

> Pennsylvania has recast the two-factor inquiry regarding the effectiveness of counsel set forth by the United States Supreme Court in ***Strickland v. Washington***, 466 U.S. 668 (1984), as the following three-factor inquiry:
>
>> [I]n order to obtain relief based on [an IAC] claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.
>
> ***Commonwealth v. Reed***, 971 A.2d 1216, 1221 (Pa. 2005) (citing ***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987)). Trial counsel is presumed to be effective, and [the appellant] bears the burden of pleading and proving each of the three factors by a preponderance of the evidence." ***Rathfon***, 899 A.2d at 369; ***see also Commonwealth v. Meadows***, 787 A.2d 312, 319-320 (Pa. 2001).
>
> The right to the constitutionally effective assistance of counsel extends to counsel's role in guiding his client with regard to the consequences of entering into a guilty plea. ***Wah***, 42 A.3d at 338.

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

> *Id.* at 338-39 (internal quotation marks and modifications omitted); *see Commonwealth v.Yager*, 685 A.2d 1000, 1003-04 (Pa. Super. 1996). Thus, to establish prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Rathfon*, 899 A.2d at 369-70 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "The reasonable probability test is not a stringent one"; it merely refers to "a probability sufficient to undermine confidence in the outcome." *Id.* at 370 (quoting *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002)).

*Barndt*, 74 A.3d at 192 (citations modified).

Whether an IAC claim is brought under the auspices of the PCRA or by a petition for a writ of *coram nobis*, the *Pierce*-factor analysis, which establishes the constitutional floor for the sufficiency of counsel, applies equally.[3] Thus, at a minimum, a petitioner seeking relief for IAC, by whatever procedural means, must separately address each of the three prongs in order to establish a basis for relief. Failure expressly to plead and

---

[3] Indeed, before the Supreme Court made clear in *Commonwealth v. Grant* that claims of ineffective assistance of counsel must be deferred until any direct appeal is resolved and pursued under the PCRA, *see* 813 A.2d 726, 739 (Pa. 2002) ("We hold that, as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review."), such claims routinely were raised on direct appeal and measured according to the *Pierce* standard.

prove any one of these prongs standing alone is fatal to an IAC claim. ***Commonwealth v. Steele***, 961 A.2d 786, 799, 801-02 (Pa. 2008); ***Commonwealth v. DuPont***, 860 A.2d 525, 532 (Pa. Super. 2004).

Salcedo argues that the trial court erred in declining to treat his petition for collateral relief as a petition for a writ of *coram nobis*, rather than as a petition under the PCRA. By so arguing, he seeks to avoid the jurisdictional consequences of the undisputed fact that he no longer is serving a sentence, as required to be eligible for relief under the PCRA, ***see*** 42 Pa.C.S. § 9543(a)(1)(i), and indeed was discharged to DHS custody at the time of sentencing because his time served exceeded the fifteen to thirty-day term of incarceration imposed by the trial court as part of Salcedo's negotiated *nolo contendere* plea. In so arguing, Salcedo resorts to case law interpreting the PCRA's predecessor Post-Conviction Hearing Act, ***see*** Brief for Appellant at 12-14, which case law, we have had occasion to note, is of very limited utility to interpreting the PCRA because the latter reflected wholesale changes to the PCHA framework that it supplanted. ***See generally Commonwealth v. Fiore***, 665 A.2d 1185, 1191-92 (Pa. Super. 1995). Accordingly, his resort to such case law is unavailing.

More importantly, though, Salcedo's arguments all hinge upon his contention that his various attorneys, and plea counsel in particular, rendered IAC in failing properly to inform him of the potential immigration consequences of entering a plea of *nolo contendere*. This is reflected in his initial *pro se* petition, wherein he alleged as follows:

> 1.  [Salcedo] was misadvise[d] by [his] attorney of the consequences of pleading *nolo contendere*[,] which in turn impacted and is [a]ffecting [Salcedo's] immigration status.
>
> 2.  [Salcedo] was coerced in taking the plea because of [his] race and possib[ly his] nationality.
>
> 3.  After being indicted, [he] wasn't given the opportunity to go to trial within . . . 180 days of being in custody.

*Pro Se* PCRA Petition at 3. He further asserted that he "was ineffectively represented," "would not have pleaded *nolo contendere*," and "would not have this charge on [his] record." **Id.** (capitalization modified).

After appointed PCRA counsel was permitted to withdraw pursuant to **Turner/Finley**, the PCRA court directed Salcedo to file a concise statement of errors complained of on appeal. Salcedo's Rule 1925 statement was not to the contrary. Therein, Salcedo largely contended that his ongoing incarceration on an ICE detainer qualified as incarceration under the PCRA, entitling him to seek relief thereunder. In the alternative, he contended that, even if his ICE incarceration did not qualify as incarceration for purposes of PCRA eligibility, he should have been afforded *coram nobis*, relief outside the strictures of the PCRA. Finally, he alleged that he wished to press claims including IAC "during his proceedings with all four of [Salcedo's] attorney[s]," that he had been denied his right to due process, and that he had not timely been brought to trial as required by Pa.R.Crim.P. 600. Rule 1925(b) Statement at 3.

Before this Court, Salcedo effectively abandons his broad due process claims and his Rule 600 argument, concentrating instead upon his eligibility

for collateral relief within or outside the PCRA. Critically, he does not in any recognizable way plead that he had an even potentially meritorious claim for IAC. Specifically, Salcedo does not argue discretely (1) that his claim of IAC has arguable merit; (2) that his attorney lacked a reasonable basis for any actions or omissions to act in connection with Salcedo's plea proceedings; and (3) that Salcedo was prejudiced by the complained-of acts or omissions in the sense that, had counsel comported himself consistently with his professional obligations, there was a reasonable probability that Salcedo would have opted to maintain his innocence and proceed to trial. As noted, *supra*, the omission of any discussion of even one of these elements, let alone all three, necessarily is fatal to an IAC claim. **See Rathfon**, *supra*.[4]

We recognize that PCRA counsel's withdrawal pursuant to **Turner** and **Finley**, and the PCRA court's determination that it lacked jurisdiction to address the merits of Salcedo's claims, understandably have prompted Salcedo to focus before this Court upon his eligibility for relief at the expense of developing the bases upon which he seeks relief. However, that does not

---

[4] Although we do not reach the question, we note that the sentencing transcript undermines the claim that he was not, nor could be, aware of the potential for immigration consequences arising as a consequence of his *nolo contendere* plea in the instant case. **See** Notes of Testimony, 10/26/2012, at 6 ([Plea counsel addressing the court]: "I have discussed with [Salcedo] whether there would be immigration implications here. I don't believe there are arising from this charge, **but he's aware that that's possible, particularly in light of his past**," *i.e.*, a prior felony conviction in New York (emphasis added)).

- 10 -

relieve him of the burden of pleading at a minimum the substantive basis for such relief sufficiently clearly to persuade this court that remanding the case for further proceedings would be more than an exercise in futility. It is not for us to make determinations of fact, but it also is not for us to infer that a meritorious argument may lie when the appellant has made no effort to establish what that argument might be.

Because Salcedo has not pleaded any basis upon which relief might be granted, even if he were deemed eligible for such relief, we decline to pass upon Salcedo's arguments pertaining to his eligibility for relief outside the confines of the PCRA. Instead, we find that Salcedo's underlying claims of IAC, upon which his substantive claims for relief are predicated, were insufficiently developed before the PCRA court and this Court to warrant further consideration.[5]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2015

---

[5] We may affirm a correct trial court ruling on any basis. **Commonwealth v. Pacell**, 497 A.2d 1375, 1377 n.1 (Pa. Super. 1985).